**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

**JOHN DOE,**                     |       **Case No. 1:20-cv-06770-GHW**

                                  |

          **Plaintiff,**        |

   **v.**                      |

                                  |

**COLUMBIA UNIVERSITY,**      |

                                  |

          **Defendant.**      |
-------------------------------------------------------------x

 

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE**
**TO THE ORDER TO SHOW CAUSE AND IN SUPPORT OF**
**PLAINTIFF'S APPLICATION TO GIVE PSEUDONYM PROECTION**
**TO PLAINTIFF AND THE UNIVERSITY FEMALE COMPLAINANTS**

 

**NESENOFF & MILTENBERG, LLP**
**Philip A. Byler, Esq. / Andrew T. Miltenberg, Esq.**
**363 Seventh Avenue, Fifth Floor**
**New York, New York 10001**
**(212) 736-4500**
**pbyler@nmllplaw.com / amiltenberg@nmllplaw.com**
**Attorneys for Plaintiff**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES…………………………………………….………..………ii

INTRODUCTION ………………………………………………………………..………1

THE COURT'S ORDER……………………………………………………….................1

THE PLEADED FACTS ……………………………………………………………………2

ARGUMENT …………………………………………………………………………...4

    I.    THE SEALED PLAINTIFF ANALYSIS AND FACTORS………………………………4

    II.    APPLICATION OF THE *SEALED PLAINTIFF* FACTORS………………………………6

        A.    The Litigation Involves Matters That Are Highly
              Sensitive and Of A Personal Nature………………….………………….…...……6

        B.    Given Their Relatively Young Ages, the Plaintiff and the University
              Female Complainants Are Particularly Vulnerable To The Possible
              Harms of Disclosure……………………………………………………….……9

        C.    Defendant Columbia Is Not Prejudiced By Allowing
              Plaintiff To Press His Claims Anonymously……………….……………...……9

        D.    Plaintiff's Identity Has Thus Far Been Kept Confidential……………...…..…...…10

        E.    The Public's Interest In The Litigation Is Not Furthered
              By Requiring Plaintiff To Disclose His Identity……………………………………10

        F.    No Alternative Workable Mechanism For Protecting Confidentiality……………...11

CONCLUSION …………………………………………………………………….…..11

**TABLE OF AUTHORITIES**

**Page**

*Does I–XXIII v. Advanced Textile Corp.,* 214 F.3d 1058 (9th Cir. 2000)…………………….……4, 5, 9

*Doe v. Blue Cross & Blue Shield of R.I.,* 794 F. Supp. 72 (D.R.I. 1992)……………………………..6

*Doe v. Brandeis Univ.,* 177 F. Supp. 3d 561 (D. Mass. 2016)………………………………..…………8

*Doe v. Brown Univ.,* 210 F. Supp. 3d 310 (D.R.I. 2016)………………………………………..………8

*Doe v. Columbia Univ.,* 831 F.3d 46 (2d Cir. 2016)………………………………………………………8

*Doe v. Del Rio,* 241 F.R.D. 154 (S.D.N.Y. 2006)………………………………………………………4, 5, 9

*Doe v. Frank,* 951 F.2d 320 (11th Cir.1992)………………………………………………………….…5

*Doe v. Harvard Univ., et. al.,* 1:18-cv-12150, Order, ECF 8 (D. Mass. Nov. 7, 2018)………………6

*Doe v. Purdue Univ.,* 321 F.R.D. 339 (D. Ind. 2017)……………………………………………………6-7

*Doe v. Salisbury Univ.,* 2015 WL 3478134 (D. Md. 2015)……………………………………………..8

*Doe v. Shakur,* 164 F.R.D. 359 (S.D.N.Y. 1996)………………………..……………………………………5

*Doe v. Trustees of Dartmouth Coll.,* No. 18-CV-040-LM,
    2018 WL 2048385 (D.N.H. May 2, 2018)………………………………………………6, 7, 8

*Doe v. Univ. of Cincinnati*, 872 F.3d 393 (6th Cir. 2017)………………………………….…………8-9

*Doe v. Univ. of Montana*, 2012 WL 2416481 (D. Mont. 2012)…………………………………………9

*Doe v. Univ. of S. Florida Bd. of Trustees*, 2015 WL 3453753 (M.D. Fla. 2015)……………………8

*Doe v. Univ. of the South,* 687 F. Supp. 2d 744 (E.D. Tenn. 2009)…………………………………..8

*Doe v. W. New England Univ.,* 228 F. Supp.3d 154 (D. Mass. 2017)……………………………..8

*EW v. N.Y. Blood Ctr.,* 213 F.R.D. 108 (E.D.N.Y. 2003)………………………………………………4

*James v. Jacobson,* 6 F.3d 233 (4th Cir. 1993)……………………………………………………5, 9

*M.M. v. Zavaras,* 139 F.3d 798 (10th Cir.1998)………………………………………………………5

*Next Phase Distribution, Inc. v. Does 1-138*, No. 11-cv-9706 (KBF),
    2012 WL 691830 (S.D.N.Y. Mar. 1, 2012)………………………………………...……1-2

*Plaintiff No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006)…………………………………….9, 10

*Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678 (11th Cir. 2001)…….……...................5

*Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185 (2d Cir. 2008)…………1, 2, 4, 5, 6, 9, 10, 11

## **Constitution, Statutes & Rules**

Rule 10(a), Federal Rules of Civil Procedure……………………………………………………..1

**INTRODUCTION**

Plaintiff submits this Memorandum of Law in response to the Court's Order To Show Cause supporting an Order giving pseudonym treatment to Plaintiff as "John Doe" *and* to the female complainants in the university disciplinary proceedings as "Jane Doe 1," "Jane Doe 2," "Jane Doe 3" and "Jane Doe 4" and supporting a Protective Order against revealing the names of Plaintiff "John Doe" *and* the female complainants in the university disciplinary proceedings "Jane Doe 1," "Jane Doe 2," "Jane Doe 3" and "Jane Doe 4."  The accompanying Declaration of Philip A. Byler is also submitted in support of Plaintiff's response.

Pseudonym treatment should be given because: (1) "the litigation involves matters that are highly sensitive and of a personal nature"; (2) given their relatively young ages, the Plaintiff and the university female complainants are particularly vulnerable to the possible harms of disclosure; (3) the Defendant is not prejudiced by allowing Plaintiff to press his claims anonymously; (4) Plaintiff's "identity has thus far been kept confidential"; (5) the public's interest in the litigation is not furthered by requiring Plaintiff to disclose his identity; and (6) there is no alternative workable mechanism to protect confidentiality.  *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189-190 (2d Cir. 2008).

**THE COURT'S ORDER**

On August 24, 2020, this Court issued an Order that stated:

> On August 24, 2020, Plaintiff filed the complaint in this case as "John Doe." Dkt No. 1. But "[p]ursuant to Federal Rule of Civil Procedure 10(a), '[t]he title of [a] complaint must name all the parties." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188 (2d Cir. 2008) (quoting Fed R. Civ. P. 10(a)). This rule "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly.'" *Id.* "When evaluating a request by a party to proceed anonymously or by pseudonym courts consider numerous factors, including whether identification would put the affected party at risk of suffering physical or mental injury." *Next Phase Distribution, Inc. v. Does 1-138*, No. 11-cv-9706 (KBF), 2012 WL 691830, at *1 (S.D.N.Y. Mar. 1, 2012) (quotation omitted). The Second Circuit has adopted a non-exhaustive, multi-factor test to decide whether a party may proceed pseudonymously. Those factors include:

1

(1) "whether the litigation involves matters that are highly sensitive and of a personal nature;" (2) "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;" (3) "whether the plaintiff's identity has thus far been kept confidential;" and (4) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity."

Id. at *1 (quoting *Sealed Plaintiff*, 537 F.3d at 189-90).

The Court does not have adequate information at this stage to determine if Plaintiff should be permitted to proceed pseudonymously in this case. So Plaintiff is ORDERED to show cause no later than September 1, 2020 why he should be allowed to proceed pseudonymously. If Defendants oppose Plaintiff's attempt to proceed pseudonymously, their opposition is due one week after service of Plaintiff's response to this order. Plaintiff's reply, if any, is due three days following service of Defendants' opposition. Counsel for Plaintiff is directed to serve a copy of this order on Defendants and to retain proof of service.

(SDNY ECF Doc. No. 5.)

## **THE PLEADED FACTS**

The pleaded facts in the Complaint provides the pertinent facts for the consideration of the issues on this Order To Show Cause.

This Title IX discrimination suit is brought on behalf of Plaintiff, who was a male student at Columbia in his senior year when first, without notice and hearing and based only on allegations of sexual misconduct (most of which would not be sustained even by Columbia, despite what is alleged got be an anti-male gender biased process), Plaintiff was barred from campus by an interim suspension issued suddenly two days after Plaintiff had filed university counter-complaints of female sexual misconduct, and then with the interim suspension still in place, Plaintiff was expelled on the eve of his graduation for sexual misconduct that he did not commit and thus he was deprived of the diploma that he had worked for four years to receive.  (Cmplt. ¶ 1.)

The 2017-2018 school year was John Doe's senior year at Columbia.  Prior to December 2017, John Doe had no record of serious wrongdoing at Columbia.  (Cmplt. ¶ 106.)  But then, as detailed in the Complaint, Plaintiff was hit with a series of sexual misconduct complaints by four women that were in fact without merit. (Cmplt. ¶¶ 107-186.)

In Jane Doe 1's case, Jane Doe 1 by her own account intended to hook up with Plaintiff, led him to her room, voluntarily became undressed, began sexual activity -- first as consensual oral sex and then as sexual intercourse that began as consensual -- and the next day was flippantly texting her roommate "lmao" about what she said was bad sex; yet, Plaintiff was found responsible for non-consensual sexual intercourse that Plaintiff did not recall having, and Plaintiff was found responsible because at some undetermined point during the intercourse, Jane Doe 1 was said to have withdrawn consent.  (Cmplt. ¶¶ 107-116, 148, 156-170, 185-186.)

In Jane Doe 2's case, her allegations made in January 2018 about non-consensual sex in April 2016 were, despite the gender bias identified in the Complaint (Cmplt. ¶¶ 77-105), dismissed because the two people said to be witnesses contradicted Jane Doe 2's story.  (Cmplt. ¶¶ 115-116, 118, 125-126, 171, 185-186.)

In Jane Doe 3's case, of five incidents alleged in February 2018 to have occurred from September 2017 to November 2017, Plaintiff was held responsible for the violation alleged in Incident No. 3 said to have occurred in October 2017, but not responsible for the violations alleged in Incidents Nos. 1, 2, 4 and 5.  Plaintiff was held responsible for the one incident despite (i) Columbia dismissing a substantial majority of Jane Doe 3's accusations and (ii) Jane Doe 3's major revision of accusations, uncertainty toward facts and inconsistency in testimony.  (Cmplt. ¶¶ 120-122, 130, 134, 142, 185-186.)

The interim suspension was based on only what were then the allegations of Jane Does 1-3, there was no hearing, and even the allegations of Jane Does 1-3 did not establish an immediate threat

to the Columbia community; what's more, one of two allegations of Jane Doe 1, all of Jane Doe 2's allegations and four of five of Jane Doe 3's allegations were rejected in what the Complaint alleged still were gender biased proceedings; and those allegations that were sustained were patently erroneous. (Cmplt. ¶¶ 119, 131, 135-138, 144, 147, 149, 180-186.)

In Jane Doe 4's case, on November 5, 2018, Plaintiff was found to have committed non-consensual sexual intercourse with Jane Doe 4 on December 13, 2016, twenty-one months earlier, despite Jane Doe 4's admitted lack of independent memory of the evening of December 13, 2016. (Cmplt. ¶¶ 133, 140, 174-179, 185-186.)

## ARGUMENT

Application, to this case, of the factors recognized by the Second Circuit in *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189-190 (2d Cir. 2008), and by this Court (SDNY ECF Doc. No. 5) clearly call for giving pseudonym treatment to Plaintiff and to the university female complainants.

### I.

### THE *SEALED PLAINTIFF* ANANLYSIS AND FACTORS

What the Second Circuit did in *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185 (2d Cir. 2008), was to adopt the approach of the Ninth Circuit to considering pseudonym treatment and did so with the following explanation:

> [T]he Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs [1] prejudice to the opposing party and [2] the public's interest in knowing the party's identity." *Does I Thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir. 2000). Variations of the Ninth Circuit's formulation have been adopted previously by district courts in our Circuit. *See, e.g., Doe v. Del Rio,* 241 F.R.D. 154, 157 (S.D.N.Y. 2006); *EW v. N.Y. Blood Ctr.,* 213 F.R.D. 108, 110 (E.D.N.Y. 2003). We agree that the interests of both the public and the opposing party should be considered when determining whether to grant an application to proceed under a pseudonym. Accordingly, we endorse the Ninth Circuit's formulation and hold that when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant.

4

537 F.3d at 189.

It was in that context that the Second Circuit listed ten factors while cautioning that it was not

an exhaustive list:

This balancing of interests entails the consideration of several factors that have been identified by our sister Circuits and the district courts in this Circuit. We note with approval the following factors, with the caution that this list is non-exhaustive and district courts should take into account other factors relevant to the particular case under consideration: (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature," [*M.M. v.*] *Zavaras,* 139 F.3d [798,] at 803 [(10th Cir.1998)]; *see also James v. Jacobson,* 6 F.3d 233, 238 (4th Cir.1993); *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir.1992); (2) "whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties," *Jacobson,* 6 F.3d at 238; *see also Zavaras,* 139 F.3d at 803; *Doe v. Shakur,* 164 F.R.D. 359, 361 (S.D.N.Y.1996); (3) whether identification presents other harms and the likely severity of those harms, *see Advanced Textile Corp.,* 214 F.3d at 1068, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," *Zavaras,* 139 F.3d at 803; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, *see Advanced Textile Corp.,* 214 F.3d at 1068, particularly in light of his age, *see Jacobson,* 6 F.3d at 238; *see also Del Rio,* 241 F.R.D. at 157; (5) whether the suit is challenging the actions of the government or that of private parties, *see Jacobson,* 6 F.3d at 238; *Frank,* 951 F.2d at 323; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, *see Advanced Textile Corp.,* 214 F.3d at 1068; (7) whether the plaintiff's identity has thus far been kept confidential, *see Del Rio,* 241 F.R.D. at 157; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, *see Advanced Textile Corp.,* 214 F.3d at 1068; (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities," *Del Rio,* 241 F.R.D. at 157; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff, *cf. Roe v. Aware Woman Ctr.*[*for Choice, Inc.*]*,* 253 F.3d [678,] at 687 [(11th Cir.2001)].

537 F.3d at 189-190.

## II.

## APPLICATION OF THE *SEALED PLAINTIFF* FACTORS

Application of the pertinent *Sealed Plaintiff* factors in this case establishes that Plaintiff's interest in anonymity outweighs the public interest in disclosure and any prejudice to Defendant Columbia.

### A.     The Litigation Involves Matters That Are
###        Highly Sensitive and Of A Personal Nature.

The first *Sealed Plaintiff* factor identified by the Court and listed in the *Sealed Plaintiff* opinion -- "whether the litigation involves matters that are highly sensitive and of a personal nature" -- weighs heavily in favor of pseudonym treatment.  Both Plaintiff *and* the university female complainants should receive pseudonym treatment because the matters alleged in the Complaint are "highly sensitive and of a personal nature," such that revelation of names could easily have future adverse consequences.

Plaintiff does not merely contend that the revelation of his name and the names of the female complainants would result in embarrassment or public humiliation. Rather, Plaintiff contends that alleged sexual conduct described in the Complaint involves highly sensitive nature and privacy issues that are exacerbated by being associated with false allegations of sexual misconduct and making false allegations of sexual misconduct. As observed by the District Court in *Doe v. Trustees of Dartmouth College,* "one's sexual practices are among the most intimate parts of one's life and the public disclosures of such information may subject one to embarrassment or ridicule." *Doe v. Trustees of Dartmouth Coll.,* No. 18-CV-040-LM, 2018 WL 2048385, at *5-6 (D.N.H. May 2, 2018) (*citing to Doe v. Blue Cross & Blue Shield of R.I.,* 794 F. Supp. 72, 74 (D.R.I. 1992) (internal citations omitted)). *See also Doe v. Purdue Univ.,* 321 F.R.D. 339, 342 (D. Ind. 2017) ("this litigation requires the disclosure of 'information of the utmost intimacy,' as demonstrated by the details set out in the

Complaint, including information regarding Plaintiff's and Jane Doe's sexual relationship, Jane Doe's

allegations of sexual misconduct, and the details of the University's findings.")

The above stated rationale for pseudonym protection applies not only to Plaintiff but also to

the university female complainants.  Further, the difficulty in allowing involved non-parties to remain

anonymous while Plaintiff's identity is revealed warrants the continued use of a pseudonym. The

District Court in *Doe v. Trustees of Dartmouth College* recognized the impact removing plaintiff's

anonymity would have on plaintiff's accuser "Sally Smith," a non-party to the litigation, whose

identity would likewise be disclosed if plaintiff in that case were publicly identified. *Doe v. Trustees*

*of Dartmouth Coll.,* No. 18-CV-040-LM, 2018 WL 2048385, at *6 (D.N.H. May 2, 2018).  Similarly,

it would be impractical, and time consuming, to require Plaintiff here to disclose his identity, while

allowing his accuser and the student witnesses interviewed in relation to the allegations against

Plaintiff to remain anonymous.

With respect to Plaintiff, the Northern District of Indiana agreed that, in a case where a student

is challenging a university's disciplinary finding related to a sexual misconduct allegation, "forcing

Plaintiff to reveal his identity would not advance any aspect of the litigation but instead poses a risk

that Plaintiff would be subject to unnecessary ridicule and attention." *Doe v. Purdue Univ*., 321 F.R.D.

at 343.  While in the past courts disfavored allowing plaintiffs to proceed anonymously except in

extreme circumstances, the nature of the internet today is such that any plaintiff is readily identifiable,

and his information accessible, via a simple online search. *See Doe v. Purdue Univ.,* 321 F.R.D. at

343. Without a means to control the content disseminated by a media outlet covering a given case,

courts must be willing to afford additional protective measures to avoid further damage to a plaintiff

involved in a matter concerning such egregious and unfounded accusations as the present one.

"[P]ublic identification could defeat the very purpose of the litigation." *Doe v. Trustees of Dartmouth*

*Coll.,* No. 18-CV-040-LM, 2018 WL 2048385, at *5–6 (D.N.H. May 2, 2018).

Additionally, if the Court requires Plaintiff to reveal his identity, even if he ultimately obtained a favorable verdict on his Title IX gender bias and state law claims, his future academic and career prospects would nonetheless be hindered as any law school or potential employer could discover that Plaintiff was accused of sexual misconduct by way of a simple internet search. The District Court in *Doe v. Trustees of Dartmouth College* recognized as the most significant factor in its analysis the plaintiff's concern that public disclosure would forever subject him to reputational damage and impair his future educational and career prospects, regardless of the outcome of the litigation. *Doe v. Trustees of Dartmouth Coll.,* No. 18-CV-040-LM, 2018 WL 2048385, at \*5–6 (D.N.H. May 2, 2018). The Court agreed that this concern was "exacerbated in the Internet age, which can provide additional channels for harassment and will connect plaintiff's name to Dartmouth's findings and sanction forever, whether or not he is successful in this litigation." *Id.* It is widely known that the likelihood of acceptance as a transfer student for an undergraduate degree at an institution with a similar academic reputation, and/or to a graduate institution of high caliber, is already significantly reduced in light of the high number of applicants and stiff competition, but it is almost nil when a plaintiff must contend with the social stigma associated with being found responsible and suspended for sexual misconduct, regardless of whether the decision is ultimately overturned as a result of litigation.

Given the potential harms implicated, numerous courts around the country, including this one, have permitted plaintiffs alleging similar claims against colleges and universities to proceed with pseudonyms. *See e.g. Doe v. W. New England Univ.,* 228 F. Supp. 3d 154 (D. Mass. 2017); *Doe v. Harvard Univ., et. al.,* 1:18-cv-12150, Order, ECF 8 (D. Mass. Nov. 7, 2018); *Doe v. Brown Univ.,* 210 F. Supp. 3d 310 (D.R.I. 2016); *Doe v. Columbia Univ.,* 831 F.3d 46 (2d Cir. 2016); *Doe v. Univ. of the South,* 687 F. Supp. 2d 744 (E.D. Tenn. 2009); *Doe v. Brandeis Univ.,* 177 F. Supp. 3d 561 (D. Mass. 2016); *Doe v. Univ. of S. Florida Bd. of Trustees*, 2015 WL 3453753 (M.D. Fla. 2015); *Doe v. Salisbury Univ.,* 2015 WL 3478134 (D. Md. 2015); *Doe v. Univ. of Cincinnati*, 872 F.3d 393 (6th

Cir. 2017); *Doe v. Univ. of Montana*, 2012 WL 2416481 (D. Mont. 2012) ("With respect to the individual students involved in the Student Conduct Code proceeding, as well as the witnesses and University Court members involved in that proceeding, the Court finds that the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names," *citing Does I–XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068–69 (9th Cir.2000).

**B.      Given Their Relatively Young Ages, the Plaintiff and the University Female Complainants Are Particularly Vulnerable To The Possible Harms of Disclosure.**

A *Sealed Plaintiff* factor that was not specifically identified by this Court's Order but that is important in this case is that, given their relatively young ages, the Plaintiff and the university female complainants are particularly vulnerable to the possible harms of disclosure.  For the consideration of age, the Second Circuit in *Sealed Plaintiff* cites the Fourth Circuit opinion in *Jacobson*, 6 F.3d at 238 and the Southern District of New York opinion in *Del Rio*, 241 F.R.D. at 157.  537 F.3d at 190.  Here, the persons sought to be protected by pseudonym treatment are in their mid-twenties.

**C.      Defendant Columbia Is Not Prejudiced By Allowing Plaintiff To Press His Claims Anonymously.**

A *Sealed Plaintiff* factor identified by the Court -- "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously" -- weighs in favor of pseudonym treatment. Plaintiff should be permitted to proceed anonymously as Defendants will not be prejudiced in any way by proceeding against an anonymous party. "Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers." *Plaintiff No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006). Significantly, Defendants are already aware of Plaintiff's true identity. Thus, there is no doubt that Defendants will have an unobstructed opportunity to conduct discovery, present their defenses and litigate this matter, regardless of whether Plaintiff identifies himself or proceeds

anonymously. Accordingly, Plaintiff must be permitted to proceed anonymously in this action as revealing his name will cause significant prejudice to Plaintiff, while proceeding anonymously will not hinder Defendants in any way.

**D.      Plaintiff's Identity Has Thus Far Been Kept Confidential.**

Another *Sealed Plaintiff* factor identified by this Court -- "whether the plaintiff's identity has thus far been kept confidential" -- weighs in favor of pseudonym treatment.  To date, Plaintiff's identity is not publicly known, he kept confidential his identity as a respondent in a Title IX investigation at Columbia, in accordance with Columbia regulations and he proceeded under a pseudonym in a state court action.

**E.      The Public's Interest In The Litigation Is Not Furthered
By Requiring Plaintiff To Disclose His Identity.**

Another *Sealed Plaintiff* factor identified by this Court -- "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity" -- weighs in favor of pseudonym treatment.  Plaintiff should be permitted to proceed in this action anonymously as the public does not have a strong interest in knowing his identity. The public's interest in this matter concern a larger association than the interest of an individual plaintiff; they affect the male student population at Columbia, *see Plaintiff No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006), and society's interest in fair and proper Title IX application.

Thus, there is simply nothing about the status of the Plaintiff that would heighten any public interest beyond the normal public interest in any judicial proceedings sufficient to outweigh Plaintiff's right to privacy. Moreover, the public's knowledge will only be minimally restricted as it will still know what is alleged to have occurred that resulted in charges of sexual misconduct being filed, and how the Defendants investigated and adjudicated those charges. Allowing Plaintiff to proceed anonymously will not significantly obstruct the public's interest in this matter. Accordingly, there is

not a strong public interest in knowing Plaintiff's identity as an individual, as the issues presented to this Court concern a much greater population of potential plaintiffs.

**F.      No Alternative Workable Mechanism For Protecting Confidentiality.**

A *Sealed Plaintiff* factor that was not specifically identified by this Court's Order but that is important in this case is that there is no alternative workable mechanism to protect confidentiality. Pseudonym treatment to Plaintiff and to the four university female complainants protects confidentiality, while permitting the case to go forward in an orderly and comprehensible manner. There is no other practical, workable mechanism for achieving those purposes.

## CONCLUSION

For the reasons stated above, the Court the Court should issue an Order giving pseudonym treatment to Plaintiff as "John Doe" *and* to the female complainants in the university disciplinary proceedings as "Jane Doe 1," "Jane Doe 2," "Jane Doe 3" and "Jane Doe 4" and should issue a Protective Order against revealing the names of Plaintiff "John Doe" *and* the female complainants in the university disciplinary proceedings "Jane Doe 1," "Jane Doe 2," "Jane Doe 3" and "Jane Doe 4," and the Court should order such further and other relief as the Court deems just and proper.

**Dated:   New York, New York**
      **September 1, 2020**              **Respectfully submitted,**

                                        **NESENOFF & MILTENBERG, LLP**
                                        **By: /s/** *Philip A. Byler*

                                        **Philip A. Byler, Esq.**
                                        **Andrew T. Miltenberg, Esq.**
                                        **363 Seventh Avenue, Fifth Floor**
                                        **New York, New York 10001**
                                        **(212) 736-4500**
                                        **pbyler@nmllplaw.com**
                                        **amiltenberg@nmllplaw.com**
                                        **Attorneys for Plaintiff**