# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    929.294.2536
DIRECT EMAIL   gtenzer@kaplanhecker.com

September 2, 2020

**VIA ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

      Re: *Doe* v. *Columbia University*, No. 1:20-cv-6770 (GHW) (JLC) (S.D.N.Y.)

Dear Judge Woods:

  On behalf of Defendant The Trustees of Columbia University in the City of New York ("Columbia") and in accordance with Rule 1.F of Your Honor's Individual Practices in Civil Cases, we write jointly with Plaintiff John Doe to request that Your Honor enter the parties' proposed order (ECF 11), filed in response to the Court's Order dated August 27, 2020 (ECF 6), as well as in response to the Court's Order to Show Cause dated August 24, 2020 (ECF 5).

  In this action, Plaintiff brings claims under Title IX of the Education Amendments of 1972 in relation to disciplinary proceedings at Columbia addressing four different Columbia students' claims against Plaintiff for gender-based misconduct. On August 24, 2020, Plaintiff filed the Complaint under the pseudonym "John Doe," and also pseudonymized the four non-party student complainants' names as "Jane Doe 1" through "Jane Doe 4." (ECF 3.) That same day, the Court ordered Plaintiff to show cause why he should be allowed to proceed pseudonymously ("Order to Show Cause," ECF 5). On August 26, 2020, Defendant brought to the Court's attention that while Plaintiff intended to pseudonymize the four non-party student complainants as Jane Does 1 through 4, the Complaint inadvertently included the names of those non-party student complainants in a few places. In response, the Court temporarily deactivated the hyperlink to the Complaint on ECF, pending the Court's resolution of what redactions, if any, would be appropriate to make to the Complaint ("August 27 Order," ECF 6).

  In compliance with the Court's August 27 Order, the parties have conferred and agreed to a stipulation and proposed order, including the proposed revised Complaint attached thereto as Exhibit A. Exhibit A proposes no redactions, but instead consistently pseudonymizes the name of Plaintiff, the names of the four non-party Columbia student complainants, and the name of one other non-party student each time that their names appear in the Complaint. The proposed order

**KAPLAN HECKER & FINK LLP**                                                                                                                   2

also directs that the pseudonyms used in the Complaint be used in all other documents publicly filed in this case.

There is ample legal basis for this Court to enter the proposed order, particularly with respect to the four non-party student complainants, even in light of the presumption of public access to the federal courts. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). It has long been the general practice of the federal courts that "fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) (Posner, J.). As a result, courts have not hesitated to grant anonymity to protect against the disclosure of the material the parties seek to protect here, namely "matters of the utmost intimacy, including sexual assault." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (collecting cases); *Feibleman v. The Trustees of Columbia University in the City of New York*, No. 19-cv-4327 (S.D.N.Y.) (Caproni, J.), ECF 43 (ordering pseudonymization of non-party students); *Kavanagh v. Zwilling*, 997 F. Supp. 2d 241, 256 (S.D.N.Y. 2014), *aff'd* 578 F. App's 24 (2d Cir. 2014) (recognizing that sealing is appropriate to protect the privacy of third parties, especially "sensitive and personal" information about sexual matters).

Indeed, it makes even more sense to allow third parties who are not litigants—such as the Columbia students who were complainants in the disciplinary proceedings at issue here—to remain anonymous. As Judge Caproni recently explained in analogous circumstances: "What they know, or what they will know, is this was a person who brought a complaint and now all of a sudden their name is flashed all over everywhere because the alleged perpetrator sued them after a sustained finding." *Feibleman*, ECF 50 at 5:21-25; *see also* N.Y. Civ. Rights L. § 50-b(1) ("identity of any victim of a sex offense . . . shall be confidential"); N.Y. CPLR 3016(i) ("[i]n any proceeding . . . which [] seeks to vacate or modify a finding that a student was responsible for a violation of college or university rules . . . the name and identifying biographical information of any student . . . shall not be included in the pleadings and other papers . . . ."); N.Y. Educ. L. § 6448 ("the name and identifying biographical information of any student shall be presumptively confidential and shall not be included in the pleadings and other papers" in a proceeding seeking to vacate a university's finding of responsibility for gender-based misconduct).

In addition, Columbia does not oppose Plaintiff proceeding pseudonymously in this action. Plaintiff filed his response to the Order to Show Cause yesterday.[1] (ECF 7 & 7-1.)

Accordingly, the parties respectfully request that the Court enter the proposed order (ECF 11) and permit Plaintiff to file the mutually agreed upon Complaint that consistently pseudonymizes the name of Plaintiff, the names of the four non-party Columbia students who participated as complainants in the disciplinary proceedings at issue in this case, and one other non-party student mentioned once in the Complaint.

---

[1] By not opposing Plaintiff's request to proceed pseudonymously, Columbia does not admit, deny, or otherwise address any factual allegations set forth in Plaintiff's response to the Order to Show Cause (ECF 7 & 7-1). Columbia reserves the right to respond to such allegations, including in its response to the Complaint.

KAPLAN HECKER & FINK LLP

3

Your Honor's attention to this matter is greatly appreciated.

                                      Respectfully submitted,

                                      Gabrielle E. Tenzer

cc: Counsel of Record