

| | | |
|---|---|---|
| Ira S. Nesenoff | Barbara H. Trapasso | Philip A. Byler |
| Andrew T. Miltenberg | Tara J. Davis | *Senior Litigation Counsel* |
| | Diana R. Warshow | |
| Stuart Bernstein | Gabrielle M. Vinci | Amy J. Zamir |
| | Kara L. Gorycki | Jeffrey S. Berkowitz |
| | Cindy A. Singh | Rebecca C. Nunberg |
| | Nicholas E. Lewis | *Counsel* |
| | Adrienne D. Levy | |
| | Ryaan Nizam | Marybeth Sydor |
| | Regina M. Federico | *Title IX Consultant* |

August 18, 2021

<u>**VIA ECF**</u>
The Honorable Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan Unites States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

    **Re:**  *<u>Doe v. Columbia University</u>*, No. 1:20-cv-06770 (GW)

Dear Judge Woods:

  The undersigned represents Plaintiff John Doe in the above-referenced action.  I write in response to today's letter submitted by counsel for Defendant Columbia, mistakenly questioning the fact that Plaintiff has both filed an Amended Complaint (ECF 35) and made a Motion for Reconsideration (ECF 36 & 36-1).

  There is no good reason at all to question the procedure employed by Plaintiff given the circumstances here.  The Court's August 1, 2021 Memorandum Opinion and Order (ECF 34) granted in part and denied in part Defendant Columbia's Rule 12(b)(6) motion to dismiss and granted leave to file an Amended Complaint but indicated amendments to certain rulings would be futile.  The Amended Complaint does not render the Motion for Reconsideration moot at all because of what the Court stated about certain rulings not being susceptible to successful amendment.

  The Court's August 1, 2021 Memorandum Opinion and Order (ECF 34) presents an entirely different situation than what was the situation in the case cited by Defendant Columbia, *Meserole v. Sony of Am., Inc.*, No. 08 Civ. 8987, 2009 WL 2001451, at *1 (S.D.N.Y. July 9, 2009), where the Court granted a Rule 12(b)(6) motion to dismiss, and the *Meserole* plaintiff filed a motion for reconsideration and then filed an Amended Complaint.  There was no partial grant of a motion to dismiss and no indication that any amendments would be futile.  That Defendant Columbia would resort to citing such a clearly inapposite case indicates that Defendant Columbia really knows it has a problem with responding to Plaintiff's Motion for Reconsideration, which is all the more reason it should be heard.



NEW YORK | BOSTON

ATTORNEYS AT LAW

As for a briefing schedule, may I suggest that before we take the time of the Court, counsel for Columbia pick up the phone and call me.  We should be able to work out a sensible schedule.

**Respectfully submitted,**
**NESENOFF & MILTENBERG LLP**

**By:** *Philip A. Byler*
**Philip A. Byler, Esq.**

cc:   Roberta Kaplan, Esq.
        Gabrielle Tenzer, Esq.



ATTORNEYS AT LAW

[3]