

| | Ira S. Nesenoff<br>Andrew T. Miltenberg | Barbara H. Trapasso<br>Gabrielle M. Vinci<br>Nicholas E. Lewis<br>Adrienne D. Levy<br>Regina M. Federico<br>Suzanne Dooley<br>Amy Zamir | Philip A. Byler<br>Diana R. Warshow<br>Kara L. Gorycki<br>Susan E. Stark<br>Janine L. Peress<br>*Senior Litigation Counsel* |
|---|---|---|---|
| | Stuart Bernstein<br>Tara J. Davis | | Jeffrey S. Berkowitz<br>Rebecca C. Nunberg<br>*Counsel* |

ATTORNEYS AT LAW
**nmllplaw.com**

Marybeth Sydor
*Title IX Consultant*

September 22, 2022

**VIA ECF**
The Honorable Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York, 10007

    Re:  *John Doe v. Columbia University,* **Case No. 1:20-cv-06770-GW**

Dear Judge Woods:

  The undersigned represents Plaintiff John Doe ("John") in the above referenced action. This letter is submitted in reply to the legally and factually erroneous argument contained in Ms. Kaplan's letter of September 21, 2022 (ECF 59). My September 21, 2022 letter (ECF 58), reiterating our Complaint (ECF 41, paragraphs 125-127), pointed out how the Bwog article had false and confidential information.

  The Bwog article in its four versions effectively communicated John's personally identifiable information such as his sex and extracurricular involvement beyond Student Governing Board and also effectively communicated that John was subject to investigation for multiple rapes. The Bwog article falsely effectively communicated that John was asked to leave student organization positions and that John had done so; in reality, Columbia imposed this condition about a month later as a consequence of their unnecessary, arbitrary, and excessive "interim" suspension (ECF 41, paragraphs 138-140). The article released details of ongoing investigations, preemptively so in one case and quoted a source as saying these were investigations into rape—this information was supposed to be confidential, as the article itself acknowledges (ECF 58, Exhibits A, C-E, p.1). The Bwog article made John easily identifiable (Student Governing Board member, male, fraternity, leader in other clubs) and was asked about the article (ECF 41, paragraph 127).



      The pleading in the Amended Complaint (ECF 41) is thus accurate and corroborated by the Exhibits to my September 21, 2022 letter (ECF 58, Exhibits A-E). That these Exhibits also contain easily-verifiable, supplementary information in the form of contemporaneous comments—then presented alongside the article for several days—in no way undercuts the Amended Complaint's allegations nor lessens the degree to which Columbia was derelict in its duty to protect the integrity of the confidentiality of the disciplinary processes to which John was subjected and to investigate the retaliation and harassment which took place against John via the Bwog article.

      That the comments are anonymous is immaterial to the fact that over the protest of John, Columbia allowed confidential information of nascent investigations to be disclosed in a Bwog article, which enabled comments on Bwog to identify and defame John. While the Bwog article's comments need not be considered to uphold Complaint's pleading, they could be considered if the Court applies *noscitur a sociis* (interpret words in accordance with associated context) and takes into consideration Bwog's common practice at the time of displaying an article's comments alongside it by default and permanently (unless deleted). Columbia's balking at verifying Exhibits A-B is of no moment. Exhibits A-B reflect what was published right after John had protested to Columbia, as alleged in paragraphs 125-127 of the Amended Complaint (ECF 41). While Exhibits C-E to my September 21, 2022 letter come from Internet Archive, Exhibits A-B to my September 21, 2022 letter are also easily verifiable by digital timestamp and sworn testimony when the time comes. It is not Columbia's place to question the veracity of the Exhibits at this stage of proceedings.

      Respectfully, our submission of the multiple versions of the Bwog article was in earnest effort to inform and supply fully the Court with the most complete record of the Bwog article in question, given that the Bwog article is better understood when read with the comments that were then displayed with it, as the content found at the same URL iterated over the course of seven days.

                                                 **Respectfully submitted,**
                                                 **NESENOFF & MILTENBERG, LLP**

                                                 **By: /s/** *Philip A. Byler*
                                                       **Philip A. Byler**

cc:  Counsel of Record