UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOHN DOE,                            | Case No. 1:20-cv-06770--GW
                                     |
       **Plaintiff,**               |
                                     |
v.                                   | **NOTICE OF MOTION**
                                     |
COLUMBIA UNIVERSITY,                 |
                                     | **Oral Argument Requested**
       **Defendant.**               |
-------------------------------------------------------x

    **PLEASE TAKE NOTICE** that upon:

    (i)    Plaintiff's Memorandum of Law in support of Plaintiff's Motion To Re-Argue and/or Certify,

    (ii)    the Byler Declaration in support of Plaintiff's Motion To Re-Argue and/or Certify, and

    (iii)    all prior proceedings had herein, including but not limited to the Court's August 1, 2021 Memorandum Opinion and Order (ECF 34), Plaintiff's Motion and Memorandum of Law To Re-Argue and/or Certify (ECF 36), Plaintiff's Amended Complaint (ECF 41), the August 26, 2021 Court conference (ECF 44), Plaintiff's Memorandum of Law and Byler Declaration in opposition to Defendant's motion to dismiss the Amended Complaint (ECF 52), and the Court's September 28, 2022 Memorandum Opinion and Order (ECF 62),

Plaintiff John Doe ("John Doe"), through undersigned counsel, will move this Court, pursuant to Rules 54(b) and 60 of the Federal Rules of Civil Procedure and Southern District of New York Local Rule 6.3, for re-argument, reconsideration and amendment of certain parts of the Court's

September 28, 2022 Memorandum Opinion and Order (ECF 62), involving matters which the Court overlooked or mistakenly perceived, specifically:

(i) as to the Amended Complaint's Fourth Cause of Action, the Court overlooked and/or mistakenly failed to perceive four points: (a) John Doe responded to and conceded nothing as to Columbia's argument there was a failure to plead "irregularities" for "gender bias," and Columbia's collateral estoppel argument with respect to "irregularities" relies upon a mistaken notion of "irregularities" premised upon Columbia's incorrect reading of *Menaker v. Hofstra*, 935 F.3d 20 (2d Cir. 2019), ignores John Doe's rationale for rejecting *res judicata* -- not the same issue, not actually litigated and not necessary to the decision, which means basic elements of collateral estoppel were not satisfied, and ignores the inapplicability of cited case law and the fairness limitation on collateral estoppel; (b) gender bias and "irregularities" within the meaning of *Menaker v. Hofstra* for gender bias for federal law purposes is outside state law Article 78 jurisdiction; (c) Columbia's social media postings demonstrably showed gender bias at Columbia; and (d) John Doe argued a series of points showing gender bias (including social media postings) in addition to Columbia's mistaken notion of "irregularities" premised on Columbia's incorrect reading of *Menaker v. Hofstra*, and therefore, the erroneous outcome claim as to Jane Doe 1 should be reinstated;

(ii) as to the Amended Complaint's Second Cause of Action, the Court overlooked and/or mistakenly failed to perceive that the female comparators Jane Does 1-3 were legally equivalent in all material respects, as Jane Does 1-3 individually and separately filed their complaints against John Doe and John Doe in turn filed separate complaints against Jane Does 1-3, and John Doe and Jane Roes 1-3 were similarly situated

given that only unsubstantiated allegations existed at the time of the "interim" suspension, *Brown v. Daikin Am. Inc.*, 756 F.3d 219 (2d Cir. 2014), *Graham v. Long Island R.R.,* 230 F.3d 34 (2d Cir. 2000), *Humphries v. CBOCS West, Inc.,* 474 F.3d 387, 405 (7th Cir.2007), *aff'd,* 553 U.S. 442 (2008), and therefore, the selective enforcement claim as to the interim suspension should be reinstated;

(iii)   as to the Amended Complaint's Third Cause of Action ("*Davis* harassment"), the Court overlooked and/or mistakenly failed to perceive that the Amended Complaint alleges Columbia demonstrated deliberate indifference to John's complaints of sexual harassment by suspending him and refusing to investigate one complaint, which qualifies as sex discrimination in violation of Title IX per *Davis v. Monroe County Bd. of Education*, 526 U.S. 629 (1999); furthermore, the Amended Complaint alleges Columbia created an hostile environment via myriad posts on social media biased against men, and by making John vulnerable to sexual harassment via allowing *Bwog* to publish false and confidential information, which served as illicit platform for slurring, as falsely calling a male a rapist in public, considered in context, is a sexual slur, *Doe v. East Haven Bd. of Educ.*, 200 F. App'x 46, 48 (2d Cir.2006) (Newman, J, Cabranes J., Sack, J.); even if the word "rapist" is treated as a gender neutral word, John Doe argues that gender neutral words, especially those about sexual conduct, lose their neutrality when applied to a gendered person; therefore, the "*Davis* harassment" claim as to the interim suspension should be reinstated; and

(iv)   as to the expulsion and John Doe's damages for loss of the diploma, the Court overlooked and/or mistakenly failed to perceive that with John's standing for such damages (ECF 62, p.31), the Amended Complaint alleged facts that causally connected the

e-mail hacking disciplinary proceeding with the sexual misconduct disciplinary process, as the e-mail hacking was induced by Columbia's mistreatment of John such as sudden, arbitrary and unnecessary suspension, Columbia's failure to provide support services to John, Columbia's failure to protect John Doe from the *Bwog* publication depicting John Doe as a rapist, the erroneous finding of responsibility and sanction as to Jane Doe 1, and the denial of a diploma; therefore, John Doe's damages may include the expulsion and loss of the diploma; and

certifying for appeal, to the U.S. Court of Appeals for the Second Circuit, any ruling not reconsidered and amended on this motion and not deemed corrected by the Amended Complaint, and for such further and other relief as the Court deems just and proper, including fees and costs.

Dated:   New York, New York
        October 7, 2022

NESENOFF & MILTENBERG, LLP

By: /s/ *Philip A. Byler*

**Philip A. Byler**
**Andrew T. Miltenberg**
**363 Seventh Avenue, Fifth Floor**
**New York, New York 10001**
**(212) 736-4500**
**pbyler@nmllplaw.com**
**amiltenberg@nmllplaw.com**
**Attorneys for Plaintiff John Doe**