

| | | | |
|---|---|---|---|
| Ira S. Nesenoff | Barbara H. Trapasso | Philip A. Byler | |
| Andrew T. Miltenberg | Gabrielle M. Vinci | Diana R. Warshow | |
| | Nicholas E. Lewis | Kara L. Gorycki | |
| Stuart Bernstein | Adrienne D. Levy | Susan E. Stark | |
| Tara J. Davis | Regina M. Federico | Janine L. Peress | |
| | Suzanne Dooley | *Senior Litigation Counsel* | |
| | Amy Zamir | | |
| | | Jeffrey S. Berkowitz | |
| | | Rebecca C. Nunberg | |
| | | *Counsel* | |
| | | | |
| | | Marybeth Sydor | |
| | | *Title IX Consultant* | |

ATTORNEYS AT LAW

**nmllplaw.com**

October 14, 2022

**VIA ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

    **Re:**    *Doe v. Columbia University*, No. 1:20-cv-06770-GHW

Dear Judge Woods:

    Pursuant to Your Honor's September 28, 2022 Order Setting an Initial Pretrial Conference (ECF 63; *see also* ECF 66) and Rule 2B of Your Honor's Individual Rules of Practice in Civil Cases, Plaintiff John Doe, a pseudonym ("Plaintiff John Doe" or "John Doe"), submits on behalf of himself and Defendant The Trustees of Columbia University in the City of New York ("Defendant" or "Columbia") this joint letter in advance of the Initial Pretrial Conference (by telephone) scheduled for **October 21, 2022, at 3:00 p.m.** The parties' Proposed Civil Case Management Plan and Scheduling Order will be submitted via email to WoodsNYSDChambers@nysd.uscourts.gov pursuant to Your Honor's September 28, 2022 Order.

    **1.**    **The Nature of the Case and Principal Defenses**

        **a.**    **Nature of the Case**
The parties refer the Court to their prior joint letter (ECF 15).



**b.      Remaining Claims (Subject to Plaintiff's Motion to Reconsider)**

In his Amended Complaint, Plaintiff John Doe asserts seven causes of action against Columbia under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*, including: (1) Erroneous outcome in imposing the interim suspension; (2) Selective enforcement in imposing the interim suspension; (3) Harassment under *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629 (1999), in imposing the interim suspension; (4) Erroneous outcome in the Jane Doe 1 proceeding, *Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016); (5) Selective enforcement in the Jane Doe 1 proceeding; (6) Erroneous outcome in the Jane Doe 4 proceeding; and (7) Erroneous outcome in the Jane Doe 3 proceeding, *id*.  Following the Court's September 28, 2022 Opinion and Order on Defendant's Partial Motion to Dismiss the Amended Complaint (ECF 62), the following of Plaintiff's Title IX claims remain: erroneous outcome in imposing the interim suspension (Count 1); selective enforcement in the Jane Doe 1 proceeding (Count 5); erroneous outcome in the Jane Doe 4 proceeding (Count 6); and erroneous outcome in the Jane Doe 3 proceeding (Count 7).  Plaintiff John Doe has moved to reconsider, amend or to certify the dismissal of the Fourth, Second and Third Causes of Action and the claims for relief arising from his expulsion and lack of diploma.

**c.      Principal Defenses to Remaining Claims**

Columbia contends that Plaintiff was correctly found responsible for violating its GBM Policy and that neither the commencement of disciplinary proceedings, the conduct of those proceedings, the findings of those proceedings, nor the sanction imposed as a result of those proceedings were in any way motivated by gender bias, the product of selective enforcement, or erroneous in any way and, therefore, that Columbia did not violate Title IX.  Similarly, Columbia's imposition of an interim suspension was consistent with its gender-neutral GBM Policy, in no way motivated by gender bias, and not an erroneous outcome.

Further, Columbia contends that any alleged injuries Plaintiff may have experienced or any claimed damages he may have incurred were not a result of Columbia's challenged actions.  Rather, any alleged injury Plaintiff may have experienced is due to his own actions or inactions—including, but not limited to, hacking into the email account of another student.  Moreover, Plaintiff's alleged damages are speculative, caused by Plaintiff's failure to take reasonable measures to mitigate or avoid his damages, or the result of causes other than the challenged acts of Columbia.  In addition, to the extent that Plaintiff seeks emotional distress damages, such damages are not available for Plaintiff's claims. *See Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022).

Case 1:20-cv-06770-GHW   Document 72   Filed 10/14/22   Page 3 of 6



Columbia reserves the right to assert additional defenses at the appropriate time, and reserves all rights with respect to previously raised defenses on any appeal.

### d.  Major Legal and Factual Issues

#### i.  **Plaintiff John Doe**

- Was Columbia motivated by gender bias with respect to Plaintiff's GBM proceedings?

- Is there an articulable doubt about the accuracy of the outcomes of the disciplinary proceedings concerning the interim suspension and Jane Does 1, 3 and 4?

- For the selective enforcement claims, with respect to the interim suspension and the Jane Doe 1 proceeding, did Columbia treat similarly situated female students differently, either in its decisions to initiate proceedings or in the severity of the penalties Columbia imposed?

- Was Columbia deliberately indifferent to severe, pervasive and objectively offensive sexual harassment of Plaintiff John Doe of which it had actual knowledge with respect to the interim suspension?

#### ii.  **Defendant**

- Were the commencement of Plaintiff's GBM proceedings, the conduct of those proceedings, the findings of those proceedings, or the sanction imposed as a result of those proceedings in any way motivated by gender bias, as opposed to a fair and reasonable application of Columbia's gender-neutral GBM Policy?

- Were the commencement of Plaintiff's GBM proceedings, the conduct of those proceedings, the findings of those proceedings, or the sanction imposed as a result of those proceedings in any way a result of an erroneous outcome or selective enforcement by Columbia, as opposed to a fair and reasonable application of Columbia's gender-neutral GBM Policy?

- Given the Court's September 28, 2022 Opinion and Order on Defendant's Partial Motion to Dismiss the Amended Complaint (ECF 62) and the unavailability of emotional distress damages for Title IX claims, *see Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022), what relief, if any, remains available to Plaintiff?

- Are Plaintiff's claimed injuries, if any, a result of Columbia's challenged actions in the GBM proceedings? Or were such injuries, if any, a result of Plaintiff's own actions, including Plaintiff's email hacking?



**2.      Basis for Subject Matter Jurisdiction and Venue**

Plaintiff John Doe's Amended Complaint alleges this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law and 28 U.S.C. § 1343 because Plaintiff's claims arise under a federal civil rights statute.  Plaintiff John Doe's Amended Complaint alleges venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.  Plaintiff John Doe's position is that subject matter jurisdiction and venue are clearly established.  Columbia does not dispute that venue is proper in this district, and in its September 28, 2022 Order on Defendant's Partial Motion to Dismiss (ECF 62), the Court concluded that it has subject-matter jurisdiction over Plaintiff's claims.[1]

**3.      Contemplated and/or Pending Motions**

Pending and contemplated motions are described below.

**a.      Plaintiff John Doe**

Plaintiff John Doe has moved for re-argument, reconsideration and amendment of certain rulings of the Court's August 1, 2021 Memorandum Opinion and Order (ECF 34) and the Court's September 28, 2022 Memorandum Opinion and Order (ECF 62), and certifying for appeal, to the U.S. Court of Appeals for the Second Circuit, any ruling not reconsidered and amended or not found corrected by the Amended Complaint on the motion. As to the fourth Cause of Action, the Court overlooked and/or mistakenly failed to perceive, however, three points: (i) John Doe responded, conceding nothing, as to Columbia's argument there was a failure to plead "irregularities" for "gender bias" -- gender bias and "irregularities" within the meaning of *Menaker v. Hofstra*, 935 F.3d 20 (2d Cir. 2019), lie outside state Article 78 jurisdiction and was not litigated in state court; (ii) Columbia's collateral estoppel argument with respect to "irregularities" relies upon a mistaken notion of "irregularities" as only a matter of deviations from Columbia policy premised upon Columbia's incorrect reading of *Menaker v. Hofstra*, ignores John Doe's rationale for rejecting *res judicata* -- not the same issue, not actually litigated and not necessary to the decision, which means basic elements of collateral estoppel were not satisfied, and ignores the inapplicability of cited case law and the fairness limitation on collateral estoppel; and (iii) John Doe argued a series of points showing gender bias (including social media postings that cannot be ignored) in addition to Columbia's mistaken notion of "irregularities" from incorrectly reading *Menaker v. Hofstra*. As to the Second Cause of Action, the Court overlooked and/or mistakenly failed to perceive that the female comparators Jane Does 1-3 were legally equivalent in all material respects: Jane Does 1-3 individually and separately filed their complaints against John Doe, and John Doe in turn filed separate complaints against Jane Does 1-3, so they were similarly situated as they faced similar, unsubstantiated allegations existed at the time of the "interim" suspension.

---

[1] Columbia reserves all rights with respect to its arguments regarding subject-matter jurisdiction for purposes of any appeal.

363 Seventh Avenue | 5th Floor | New York, NY | 10001 | T: 212.736.4500

101 Federal Street | 19th Floor | Boston, MA | 02110 | T: 617.209.2188

4 Palo Alto Square | 3000 El Camino Real | Suite 200 | Palo Alto, CA | 94306 | T: 650.209.7400



As to the Third Cause of Action, The Court overlooked and/or mistakenly failed to perceive that the Amended Complaint alleges Columbia demonstrated deliberate indifference to John's complaints of sexual harassment by suspending him and refusing to investigate one complaint, which qualifies as sex discrimination in violation of Title IX per *Davis v. Monroe County Bd. of Education*, 526 U.S. 629 (1999); furthermore, the Amended Complaint alleges Columbia created an hostile environment via myriad posts on social media biased against men, and by making John vulnerable to sexual harassment via allowing *Bwog* to publish false and confidential information. As to the As to the expulsion and John Doe's damages for loss of the diploma, the Court overlooked and/or mistakenly failed to perceive that with John's standing for such damages (ECF 62, p. 31), the Amended Complaint alleged facts that causally connected the e-mail hacking disciplinary proceeding with the sexual misconduct disciplinary process, as the e-mail hacking was induced by Columbia's mistreatment of John Doe such as sudden, arbitrary and unnecessary suspension, Columbia's failure to provide support services to John Doe, Columbia's failure to protect John Doe from the *Bwog* publication depicting John Doe as a rapist, the erroneous finding of responsibility and sanction as to Jane Doe 1, and the denial of a diploma. The Court has ordered a briefing schedule: Defendant's opposition is due October 24, 2022, and Plaintiff John Doe's reply is due October 31, 2022.

In addition, Plaintiff John Doe may file discovery motions(s) and motion(s) for summary judgment at the appropriate time and also reserves the right to file a petition in the Second Circuit for mandamus.

**b.      Defendant**
At the appropriate time, pursuant to Federal Rule of Civil Procedure Rule 12(c), Columbia had intended to move for judgment on the pleadings as to any claimed emotional distress damages, since such damages are not available to Plaintiff for his Title IX claims following the Supreme Court's decision in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022). Plaintiff John Doe has now informed Columbia that he does not believe a formal Rule 12(c) motion is necessary and that he will stipulate that emotional distress damages are excluded under *Cummings*. Columbia will prepare a stipulation for the parties' execution and submission to the Court.

In addition, Columbia may file discovery motion(s) and motion(s) for summary judgment at the appropriate time.

**4.      Discovery That Has Taken Place and That Is Likely to Be Admissible**
The parties have not yet engaged in any discovery. Plaintiff contemplates that discovery will entail document production, interrogatories, depositions, and requests for admission. Also,



Plaintiff did provide in recent letters to the Court documents related to the February 2018 *Bwog* article discussed in the Amended Complaint.

**5.** **Computation of Each Category of Damages Claimed**
    **a.** **Loss of Income:** the loss of income from the differential of what Plaintiff John Doe has earned against what he reasonably would have earned to present.
    **b.** **Loss of Future Flow of Income:** the loss of income from the differential of what Plaintiff John Doe would earn against what he reasonably would have earned in the future.
    **c.** **Loss of Reputation:** damages to reputation.
    **d.** **Other:** prejudgment interest, attorneys' fees, expenses, costs and disbursements.

**6.** **Status of Settlement Discussions**
There are no current settlement talks.

**7.** **Other Information**
As Your Honor will note in the parties' Proposed Civil Case Management Plan and Scheduling Order, there are a couple of issues on which the parties have been unable to reach agreement and look forward to discussing with Your Honor at the upcoming conference. First is the parties' disagreement concerning the timing of any mediation. Whereas Plaintiff John Doe does not wish to mediate until after the close of fact discovery, it is Columbia's position that a mediation should take place before fact discovery, or not at all. Second, and related, is the overall case schedule: whereas it is Plaintiff John Doe's position that the case schedule should be keyed off of the date of Columbia's Answer to the Amended Complaint, Columbia's position is that the case schedule should be keyed off of the conclusion of a mediation before Magistrate Judge Cott, which should take place in advance of any discovery in the case.

\* \* \*

Your Honor's attention to this matter is greatly appreciated.

                                                                   Respectfully submitted,

For Plaintiff John Doe:                      For Defendant Columbia:

____*Philip A. Byler*____                ____*Gabrielle E. Tenzer*_____

363 Seventh Avenue | 5th Floor | New York, NY | 10001 | T: 212.736.4500

101 Federal Street | 19th Floor | Boston, MA | 02110 | T: 617.209.2188

4 Palo Alto Square | 3000 El Camino Real | Suite 200 | Palo Alto, CA | 94306 | T: 650.209.7400