USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   4/26/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>        v.<br><br>COLUMBIA UNIVERSITY,<br><br>        Defendant. | No. 20-cv-06770-GHW-JLC<br><br>**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

**JAMES L. COTT, United States Magistrate Judge:**

**WHEREAS**, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action, including, but not limited to, private personal information of current or former students of Defendant;

**WHEREAS**, this action may involve the production of documents containing information regulated by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and associated regulations, 34 C.F.R. § 99 (together "FERPA"); the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d, and associated regulations, 45 C.F.R. §§ 160-164 (together "HIPAA"); and/or other privacy laws and regulations;

**WHEREAS**, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

**IT IS HEREBY ORDERED** that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or

participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1.　　With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.　　The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a)　　previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b)　　previously non-disclosed material relating to ownership or control of any non-public company;

(c)　　previously non-disclosed business plans, product-development information, policies and procedures, or marketing plans;

(d)　　any information of a personal or intimate nature regarding any individual, including any health care records;

(e)　　any education records protected by FERPA, whether or not redacted pursuant to Paragraph 7 below; or

(f)　　any other category of information given confidential status by this Court after the date of this Order.

3.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility. If a document is to be used publicly, including but not limited to, use in a court filing or deposition, the receiving party must request and the Producing Party must produce another copy of said Discovery Material with the confidential information redacted.

4.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.  Deposition exhibits and transcripts are subject to the Stipulation and Order Regarding Pseudonymization of Plaintiff and Non-party Complainants, entered by the Court on September 3, 2020, ECF 13 ("Pseudonym Order").

5.      If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all

Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation within two business days of providing such notice.

6.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection, including but not limited to protection under FERPA or HIPAA; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.      Pursuant to 20 U.S.C. § 1232g(b)(2)(B) and 34 C.F.R. § 99.31(a)(9), in response to discovery requests or as otherwise necessary for use in this action, Defendant and its representatives are permitted to disclose education records as defined in FERPA (referred to herein as "Education Records") as follows:

(a)      Defendant may produce a current or former student's Education Records with all of the student's personal identifying information redacted and/or replaced with a pseudonym, provided that Defendant has made a reasonable determination that the current or former student's identity is not personally identifiable, whether on the face of the redacted Education Records or in conjunction with other documents produced by Defendant, and taking into account other reasonably available information;

(b)      Defendant shall make reasonable efforts to provide the current or former student(s) whose Education Records are being produced (and therefore whose identities may be disclosed in the course of discovery) with written notice by any reasonable means available, including by sending such notice by first class mail to the student's

last known or permanent mailing address as indicated in the records of Defendant's Office of the Registrar and to the student's Columbia email address, so that the student may seek protective action pursuant to 34 C.F.R. § 99.31(a)(9)(ii) if he or she chooses to do so;

(c)     A current or former student receiving such notice shall be provided a period of ten (10) business days following receipt of the notice to inform Defendant whether the student intends to seek an order preventing disclosure and a further period of five (5) business days following return of the notice to apply for protection from the Court to prevent disclosure, provided that if the student does not inform Defendant within ten (10) business days that the student intends to seek an order preventing disclosure, Defendant may disclose the Education Records and/or identity;

(d)     If any current or former student informs Defendant of his or her intent to apply for protection from the Court to prevent disclosure, Defendant shall not be required to produce any documents and/or information containing such Education Records until the Court rules on the application;

(e)     Notwithstanding anything set forth above, and subject to the Pseudonym Order, Defendant may, pursuant to 34 C.F.R. § 99.31(a)(9)(iii)(B), disclose Plaintiff's Education Records to the Court in order to defend itself in this action, as well as in response to Plaintiff's discovery requests, without giving Plaintiff notice or, in the case of responding to Plaintiff's discovery requests, redacting Plaintiff's personally identifying information ("PII");

(f)     The names and other PII of any of the witnesses in any of the disciplinary proceedings underlying this litigation will be redacted and/or pseudonymized (*e.g.*, "Witness #1," etc.) in any documents Defendant produces in this litigation; and

(g)     Before any documents are used publicly in this litigation, including but not limited to in a court filing or deposition, the names and other PII of any current or former Columbia students must be redacted and/or replaced with a pseudonym (*e.g.*, "Student"), including but not limited to the names of Plaintiff and the Jane Does, whose names should be replaced with pseudonyms consistent with the Pseudonym Order, ECF 13.

Disclosure of Education Records in accordance with this Paragraph 7 shall satisfy 20 U.S.C. § 1232g(b)(2)(B).

8.      Notwithstanding the Pseudonym Order, ECF 13, and subject to subparagraphs 7(b) – (d) above, the parties may disclose the identities of Plaintiff and any Jane Doe provided with notice pursuant to subparagraphs 7(b) – (d) above to nonparties as necessary to carry out discovery in this action (*e.g.*, during the course of depositions), provided that prior to disclosure for the purpose of discovery to any person referred to in subparagraphs 9(f) or 9(g) below, counsel must provide a copy of this Order and the Pseudonym Order to such person.

9.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)     the Parties to this action, their insurers, and counsel to their insurers;

(b)     counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)     outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action;

(g)     any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)     stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)     this Court, including any appellate court, its support personnel, and court reporters.

10.     Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 9(d) or 9(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11.     This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.

12.     In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, with the exception of the names and other PII of current and former Columbia students that are redacted/pseudonymized pursuant to Paragraph 7(f) – (g), which may remain redacted/pseudonymized, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

13.     Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Practices.

14.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2(E) of this Court's Individual Rules of Practice in Civil Cases.

15.     Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding, subject to this and all other orders of this Court in this action. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action. Furthermore, nothing contained in this Order will modify or alter the obligations imposed by the Pseudonym Order, ECF 13.

16.     Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon

receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17.     Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18.     Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

19.     This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

20.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO ORDERED.**

Dated:   April 26, 2023
         New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

11

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br>   v.<br><br><br>COLUMBIA UNIVERSITY,<br><br>        Defendant. | No. 1:20-cv-06770-GHW<br><br>**NON-DISCLOSURE**<br>**AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
  Date

            _____
              Name (typed or printed)

            _____
                Signature