**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63ᴿᴰ FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0883
DIRECT EMAIL   gtenzer@kaplanhecker.com

May 17, 2023

**VIA ECF**

The Honorable James L. Cott
United States District Court
Southern District of New York
500 Pearl Street, Room 1360
New York, New York 10007

          Re:    *Doe v. Columbia University*, No. 1:20-cv-06770-GHW-JLC

Dear Judge Cott:

      Pursuant to the Court's order dated April 25, 2023 (ECF 94), we write on behalf of Defendant The Trustees of Columbia University in the City of New York ("Columbia") to seek the Court's assistance with several discovery disputes. Columbia raised these issues with Plaintiff in a letter dated May 12, 2023 ("May 12 Letter"), and requested that Plaintiff's counsel provide his availability to meet and confer at the beginning of this week. Plaintiff responded by letter dated May 15, 2023 ("May 15 Letter"), but did not agree to meet and confer.

      **I.**      **Plaintiff's Failure to Produce Documents**

      In his Responses and Objections to Defendant's First Request for Production of Documents ("R&Os"), dated January 11, 2023 (Ex. A), Plaintiff agreed to produce documents in response to 13 of Columbia's 56 requests for production ("RFPs").[1] Yet on May 2, 2023, Plaintiff produced only 74 pages of his own documents in response to just five of those 13 RFPs.[2]

      Despite four months having passed since Plaintiff served his R&Os, and nearly two years since Plaintiff filed his Amended Complaint, Plaintiff suggested in his May 15 Letter that while he has not yet done so, he still plans to produce documents in response to Columbia's RFPs concerning alleged expenses in connection with his interim suspension from Columbia (RFP No. 40) and his past and present employment and compensation (RFP No. 48). Additionally, Plaintiff's productions in response to other RFPs appear to be incomplete, including Plaintiff's production concerning his efforts, if any, to mitigate his alleged damages in this case (RFP No. 42) and concerning allegations in the Amended Complaint that he "was in the final rounds of

---

[1] Those 13 RFPs include RFP Nos. 14-15, 34, 37, and 40-48.

[2] In a cover email with the production, Plaintiff indicated that he was producing documents in response to RFP Nos. 41-42 and 44-46.

**KAPLAN HECKER & FINK LLP**                                                                                                         2

interviews for two jobs" and "lost those opportunities" due to his disciplinary proceedings at Columbia (RFP No. 46).

There is no reason why, at this point in the discovery process, Plaintiff has failed to produce responsive documents concerning his alleged damages. *See* ECF 94; Apr. 25 Hr'g Tr. at 27:24-28:20. Columbia respectfully requests that Plaintiff be ordered to produce responsive documents concerning his alleged damages by a date certain and otherwise be barred from relying on any responsive documents produced after that date. *See* Fed. R. Civ. P. 37(b)(2).

## II.     Plaintiff's Medical Records

Similarly, Plaintiff agreed to produce documents in response to RFP No. 41, which requests "Plaintiff's medical records, including mental health care records, from January 1, 2013, to present." *See* Ex. A at 11. Moreover, in satisfaction of Paragraph 6 of the Civil Case Management Plan and Scheduling Order (ECF 73), the parties reached agreement months ago on a HIPAA authorization for four of Plaintiff's health care providers to produce to Plaintiff's counsel copies of Plaintiff's medical records from approximately January 1, 2013, to the present.

The medical records that Plaintiff has produced to Columbia to date, however, are from a far more limited timeframe—namely, February through August 2019. They also appear to be missing records from three of the four agreed-upon health care providers, and to be from a patient portal rather than provided in response to the agreed-upon HIPAA authorization. In response to Columbia's request in its May 12 Letter that Plaintiff confirm the date on which he sent the HIPAA authorization to the providers and what, if any, communications Plaintiff has had with the providers about the requested documents, Plaintiff simply stated that he would "check with the providers about any further documents." May 15 Letter at 3.

Columbia respectfully requests that the Court direct Plaintiff to confirm the date on which he sent the HIPAA authorization to the agreed-upon providers. Columbia further requests that Plaintiff be ordered to immediately produce any responsive documents that he has received in response to the HIPAA authorization or, if he has not yet received any records, that he immediately follow up with his providers and provide an update to the Court by a date certain.

## III.    Plaintiff's Improper Redactions

The documents produced by Plaintiff on May 2 contain substantial redactions, including the redaction of entire sentences, paragraphs, and even pages. Neither the Confidentiality Agreement and Protective Order ("Protective Order," ECF 95), nor the Stipulation and Order Regarding Pseudonymization of Plaintiff and Non-Party Complainants ("Pseudonym Order," ECF 13), permits such redactions. The Protective Order requires Columbia to redact documents to ensure compliance with FERPA but does not provide for Plaintiff to redact documents for production. ECF 95 ¶¶ 7, 12. And the Pseudonym Order applies only to documents "publicly filed with the Court," and not to documents produced in the litigation. ECF 13 at 2.

In response to Columbia's May 12 Letter, Plaintiff has agreed to reproduce his documents unredacted, as he should have done in the first place. Notably, this is not the first time Plaintiff has

**KAPLAN HECKER & FINK LLP**

3

made this promise. As part of his Revised Responses and Objections to Columbia's First Set of Interrogatories, dated February 10, 2023, Plaintiff provided a heavily redacted set of documents. After Columbia challenged the propriety of the redactions, Plaintiff agreed to "supply unredacted e-mails once we have a Protective Order in place." Feb. 20, 2023 Ltr. from P. Byler to G. Tenzer at 5. Despite making that commitment, however, Plaintiff has still failed to produce unredacted versions of these documents.

Columbia respectfully requests that the Court direct Plaintiff to immediately reproduce all documents without improper redactions and to refrain from making any improper redactions in future discovery responses.

### IV.    Plaintiff's Incomplete Response to Interrogatory No. 1

Interrogatory No. 1 of Columbia's First Set of Interrogatories to Plaintiff requests that Plaintiff identify "persons who witnessed, who were present at, who [he] communicated with concerning and/or who otherwise have knowledge or information concerning the factual allegations contained in or the subject matter of the Complaint[.]" In his revised response, Plaintiff identified only his parents, his siblings, his former counsel (Kimberly Lau), and one of his health care providers.

The documents produced thus far in the litigation demonstrate that Plaintiff's response to Interrogatory No. 1 is incomplete. By way of example only, the documents reflect that Plaintiff also discussed the subject matter of the Amended Complaint with certain Columbia students and officials at Hillsdale College and Oklahoma State University. Plaintiff's response is that these additional individuals do not have "personal knowledge" of the allegations in the Amended Complaint and therefore do not need to be included in Plaintiff's interrogatory response. *See* May 15 Letter at 4. Regardless of the fact that this is not true based on the documents, after failing to object to Interrogatory No. 1, Plaintiff cannot now attempt to unilaterally rewrite the interrogatory and limit its scope to individuals with "personal knowledge." *See* Fed. R. Civ. P. 33(b)(4). Rather, the interrogatory seeks the names of persons who Plaintiff "communicated with concerning and/or who otherwise have knowledge or information concerning the factual allegations contained in or the subject matter of the Complaint[.]"

Interrogatory No. 1 is precisely the type of interrogatory envisioned by Local Civil Rule 33.3(a), which authorizes interrogatories to be served at the beginning of discovery "seeking names of witnesses with knowledge of information relevant to the subject matter of the action." As the parties are now well into discovery, Columbia respectfully requests that Plaintiff be ordered to promptly provide a complete response to Interrogatory No. 1.

Respectfully submitted,

Gabrielle E. Tenzer