# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JOHN DOE,                                    | Case No. 1:20-cv-06770-GHW
                                             |
            Plaintiff,                       |
                                             |
    v.                                       |
                                             |
COLUMBIA UNIVERSITY,                         |
                                             |
            Defendant.                       |
--------------------------------------------------------x

### PLAINTIFF'S RESPONSES AND OBJECTIONS TO
### DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff John Doe ("Plaintiff"), by and through his attorneys Nesenoff & Miltenberg, LLP, hereby responds and objects to Defendant's First Set of Requests for Production of Documents (the "Requests").

### GENERAL OBJECTIONS

1.      Plaintiff objects to the Interrogatories to the extent that they seek documents that are not relevant to the issues in the case.

2.      Plaintiff objects to the Requests to the extent they seek documents that are protected by the attorney-client privilege, the work product doctrine and/or are otherwise entitled to any other applicable privilege or protection recognized by law.

3.      Plaintiff objects to the requests to the extent they seek the production of documents outside of his possession, custody and control.

4.      Plaintiff objects to the Requests to the extent they seek the production of documents within Defendant's possession, custody and control.

5.      Plaintiff objects to the Requests to the extent they are vague and ambiguous, overly broad, unduly burdensome, oppressive and vexatious, and seek documents neither relevant to the

[1]

subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

6. Plaintiff states that this production of documents in response to the Requests is not and cannot be construed as a waiver of any privilege or objection with respect to any request for documents. Plaintiff reserves his right to demand the return of any privileged documents inadvertently produced.

7. Plaintiff incorporates the foregoing into his responses to each specific document request. Plaintiff's responses are made without waiver of, or prejudice to, these or any additional objections that Defendant may make. All such objections are hereby reserved, as is the right to enforce the protective order filed in this action.

8. Plaintiff reserves all objections to relevancy, materiality and admissibility of any of the documents supplied. By supplying documents in response to the Requests, Plaintiff does not admit that such documents are relevant in this lawsuit.

9. Plaintiff expressly reserves the right to supplement this document production should additional documents come into his possession as a result of Plaintiff's or his counsel's independent efforts.

10. To the extent that Plaintiff's responses are incomplete, they are made subject to additional facts that will be ascertained as a result of further discovery, investigations and analysis of such facts by Plaintiff. Accordingly, Plaintiff expressly reserves the right to correct, clarify, amend or supplement the documents responsive to any of the Requests.

11. Plaintiff's agreement to produce documents, or his objections to the production of any documents or categories of documents, is not intended as a statement that any documents exist.

12. These general objections are deemed to continue throughout their responses to these Requests, even where no further reference to these objections is made in such responses.

## RESPONSES AND SPECIFIC OBJECTIONS

**Request No. 1**: All documents and communications between Plaintiff and Jane Doe 1.

**Response: Plaintiff produced in the school investigation the documents that are the subject of this request and does not have copies.**

**Request No. 2:** All documents and communications between Plaintiff and Jane Doe 3.

**Response: Plaintiff produced in the school investigation the documents that are the subject of this request and does not have copies.**

**Request No. 3:** All documents and communications between Plaintiff and Jane Doe 4.

**Response: Plaintiff produced in the school investigation the documents that are the subject of this request and does not have copies.**

**Request No. 4:** All documents and communications concerning Jane Doe 1, Jane Doe 3, and/or Jane Doe 4.

**Response: Plaintiff produced in the school investigation the documents that are the subject of this request and does not have copies.**

**Request No. 5:** All documents and communications concerning any accusations by any and all persons, other than Jane Does 1 – 4, of sexual assault (including but not limited to where the person was unable to consent due to incapacitation) or dating violence by Plaintiff.

**Response: There are no such responsive documents.**

**Request No. 6:** All documents and communications between or among Jane Doe 1, Jane Doe 3, Jane Doe 4, and/or anyone else concerning Plaintiff.

[3]

**Response: While Defendant may have such documents, Plaintiff does not.**

**Request No. 7:** All documents and communications concerning Plaintiff's allegations throughout the Complaint that Jane Doe 1, Jane Doe 3, and/or Jane Doe 4 colluded and/or collaborated with one another in any way regarding Plaintiff. See, e.g., Compl. ¶¶ 148, 153, 206.

**Response: Plaintiff produced in the school investigation the documents that are the subject of this request and does not have copies.**

**Request No. 8:** Copies of any and all photographic, video, and/or audio recordings concerning the Jane Doe 1, Jane Doe 3, and/or Jane Doe 4 GBM proceedings and/or any of the events that were the subject of those proceedings.

**Response: Plaintiff produced in the school investigation the documents that are the subject of this request and does not have copies.**

**Request No. 9:** All documents and communications concerning Plaintiff's opinions of Columbia's GBM proceedings and GBM Policy.

**Response: There are no such responsive non-privileged documents.**

**Request No. 10:** All documents and communications concerning Plaintiff's disciplinary proceedings at Columbia, including any GBM proceedings, as well as any non-GBM proceedings.

**Response: Columbia has the requested documents.**

**Request No. 11:** All documents and communications concerning Plaintiff's allegations in the Complaint that Columbia discriminated against Plaintiff based on his gender. See, e.g., Compl. ¶¶ 159, 175, 193, 199.

[4]

**Response: All documents stated in Complaint, cited in footnotes, in reference to Columbia's Facebook may be viewed by navigating to the date specified by footnote at: https://www.facebook.com/SVR.Columbia.**

**Request No. 12:** All documents and communications concerning Plaintiff's allegations in the Complaint that Columbia engages in pro-female biased GBM proceedings. See, e.g., Compl. ¶¶ 92, 107, 195.

**Response: All documents stated in Complaint, cited in footnotes, in reference to Columbia's Facebook may be viewed by navigating to the date specified by footnote at: https://www.facebook.com/SVR.Columbia.**

**Request No. 13:** All documents and communications concerning Plaintiff's allegations in the Complaint that Columbia engages in anti-male biased GBM proceedings. See, e.g., Compl. ¶¶ 1, 107, 195.

**Response: All documents stated in Complaint, cited in footnotes, in reference to Columbia's Facebook may be viewed by navigating to the date specified by footnote at: https://www.facebook.com/SVR.Columbia.**

**Request No. 14:** All documents and communications concerning Plaintiff's allegation in Paragraph 195 of the Complaint that Columbia engaged in a "pattern of gender-biased decisionmaking."

**Response: Plaintiff will produce what responsive documents he has in his possession, custody or control.**

**Request No. 15:** All documents and communications concerning Plaintiff's allegations in Paragraph 81 of the Complaint that "Columbia trains its Title IX personnel in accordance with

[5]

the federally-funded 'Start by Believing' model," and that "Columbia has touted that it provides 'trauma-informed' training to its investigators and adjudicators."

**Response: Plaintiff will produce what responsive documents he has in his possession, custody or control.**

**Request No. 16:** All documents and communications concerning Plaintiff's allegation in Paragraph 199 of the Complaint that "[t]he interim suspension was erroneously imposed."

**Response: The documents and communications are stated in the Amended Complaint.**

**Request No. 17:** All documents and communications concerning Plaintiff's allegation in Paragraph 200 of the Complaint that "[g]ender bias was a motivating factor behind the interim suspension imposed upon John Doe."

**Response: The documents and communications are stated in the Amended Complaint.**

**Request No. 18:** All documents and communications concerning Plaintiff's allegation in Paragraph 203 of the Complaint that "[a]s a direct and proximate result of [the interim suspension], John Doe sustained tremendous damages, including . . . loss of educational opportunities, economic injuries, and other direct and consequential damages."

**Response: The documents and communications are stated in the Amended Complaint.**

**Request No. 19:** All documents and communications concerning Plaintiff's allegations in the Complaint that the interim suspension interfered with his ability to complete his studies and/or that he was not provided with sufficient accommodations during the interim suspension. See, e.g., Compl. ¶¶ 139, 145, 198.

**Response: The documents and communications are stated in the Amended Complaint.**

**Request No. 20:** All documents and communications concerning Plaintiff's allegation in Paragraph 140 of the Complaint that "[t]he interim suspension in John Doe's case . . . reflected Columbia's de facto placement of the burden of proof on the male respondent."

**Response: The documents and communications are stated in the Amended Complaint.**

**Request No. 21:** All documents and communications concerning Plaintiff being treated differently or less preferably by Columbia in the Jane Doe 1 GBM proceeding than similarly situated female students.

**Response: The documents and communications are stated in the Amended Complaint.**

**Request No. 22:** All documents and communications concerning Plaintiff being treated similarly or more preferably by Columbia in the Jane Doe 1 GBM proceeding than similarly situated female students.

**Response: Plaintiff was not treated similarly or more preferably by Columbia in the Jane Doe 1 GBM.**

**Request No. 23:** All documents and communications concerning any alleged gender bias against Plaintiff in the Jane Doe 1 GBM proceeding. See, e.g., Compl. ¶¶ 159, 166.

**Response: The documents and communications are stated in the Amended Complaint.**

**Request No. 24:** All documents and communications concerning Plaintiff's allegations in the Complaint of selective enforcement in the Jane Doe 1 GBM proceeding. See, e.g., Compl. ¶¶ 160, 236.

**Response: The documents and communications are stated in the Amended Complaint.**

**Request No. 25:** All documents and communications concerning Plaintiff's allegations in the Complaint that Columbia ignored or gave "short shrift" to John Doe's counter-complaint(s) against Jane Doe 1. See, e.g., Compl. ¶¶ 2, 157, 236.

**Response: The documents and communications are stated in the Amended Complaint.**

**Request No. 26:** All documents and communications concerning Plaintiff's allegation in Paragraph 238 of the Complaint that "[a]s a direct and proximate result of [the Jane Doe 1 GBM proceeding and outcome], John Doe sustained tremendous damages, including . . . loss of educational opportunities, economic injuries, and other direct and consequential damages."

**Response: The documents and communications are stated in the Amended Complaint.**

**Request No. 27:** All documents and communications concerning Plaintiff's allegation in the Complaint that the outcome of the Jane Doe 3 GBM proceeding was erroneous. See, e.g., Compl. ¶¶ 185, 246–51.

**Response: The documents and communications are stated in the Amended Complaint.**

**Request No. 28:** All documents and communications concerning Plaintiff's allegation in Paragraph 248 of the Complaint that "[g]ender bias was a motivating factor behind the erroneous finding John Doe [] engaged in non-consensual sexual conduct intercourse with Jane Doe 3."

**Response: The documents and communications are stated in the Amended Complaint.**

**Request No. 29:**   All documents and communications concerning Plaintiff's allegation in Paragraph 250 of the Complaint that "[a]s a direct and proximate result of [the Jane Doe 3 GBM proceeding and outcome], John Doe sustained tremendous damages, including . . . loss of educational opportunities, economic injuries, and other direct and consequential damages."

**Response: The documents and communications are stated in the Amended Complaint.**

**Request No. 30:**   All documents and communications concerning Plaintiff's allegation in the Complaint that the outcome of the Jane Doe 4 GBM proceeding was erroneous. See, e.g., Compl. ¶¶ 240–45.

**Response: The documents and communications are stated in the Amended Complaint.**

**Request No. 31:**   All documents and communications concerning Plaintiff's allegation in Paragraph 242 of the Complaint that "[g]ender bias was a motivating factor behind the erroneous finding John Doe engaged in non-consensual sexual intercourse with Jane Doe 4."

**Response: The documents and communications are stated in the Amended Complaint.**

**Request No. 32:**   All documents and communications concerning Plaintiff's allegation in Paragraph 244 of the Complaint that "[a]s a direct and proximate result of [the Jane Doe 4 GBM proceeding and outcome], John Doe sustained tremendous damages, including . . . loss of educational opportunities, economic injuries, and other direct and consequential damages."

**Response: The documents and communications are stated in the Amended Complaint.**

**Request No. 33:** All documents and communications concerning Plaintiff's allegations in the Complaint that he was not provided timely and sufficient accommodations and/or interim measures. See, e.g., Compl. ¶¶ 145, 162–63.

**Response: The documents and communications are stated in the Amended Complaint.**

**Request No. 34:** All documents and communications concerning Plaintiff's allegation in Paragraph 161 of the Complaint that John Doe "was severely depressed and entertained suicidal thoughts as a result of the four sexual misconduct disciplinary cases."

**Response: Plaintiff will produce what responsive documents he has in his possession, custody or control.**

**Request No. 35:** All documents and communications concerning Plaintiff's allegation in Paragraph 170 of the Complaint that the "e-mail hacking would not have occurred but for the cumulative developments in the sexual misconduct proceedings . . . and Columbia's deliberate indifference to John Doe's need for services."

**Response: The documents and communications are stated in the Amended Complaint.**

**Request No. 36:** All documents and communications concerning Plaintiff's expulsion from Columbia.

**Response: Beyond the documents and communications stated in the Amended Complaint, Columbia has what documents that are the subject of this request.**

**Request No. 37:** All documents and communications concerning Plaintiff's purported damages, including reputational, economic, and any other category of damages.

**Response: Plaintiff will produce what responsive documents he has in his possession, custody or control.**

Request No. 38:   All documents and communications, regardless of date, concerning the payment of Plaintiff's tuition and fees associated with Plaintiff's attendance as an undergraduate at Columbia, including the amounts paid and who paid those amounts.

**Response: Columbia has the documents that are the subject of this request.**

Request No. 39:   All documents and communications concerning any financial aid, scholarships, and/or loans received by Plaintiff in connection with his attendance as an undergraduate at Columbia.

**Response: Columbia has the documents that are the subject of this request.**

Request No. 40:   All documents and communications concerning Plaintiff's expenses related to the interim suspension, if any, the amounts of any such expenses, and who paid those amounts.

**Response: Plaintiff will produce what responsive documents he has in his possession, custody or control.**

Request No. 41:    All of Plaintiff's medical records, including mental health care records, from January 1, 2013, to present.

**Response: Objection to overbreadth, but Plaintiff will produce what responsive documents he has in his possession, custody or control.**

Request No. 42:   All documents and communications concerning Plaintiff's efforts, if any, to mitigate his alleged damages in this case.

**Response: Plaintiff will produce what responsive documents he has in his possession, custody or control.**

[11]

**Request No. 43:** All documents and communications concerning Plaintiff's allegations in Paragraph 6 of the Complaint that he was "prevented . . . from later transferring to Oklahoma State University."

**Response: Plaintiff will produce what responsive documents he has in his possession, custody or control.**

**Request No. 44:** All documents and communications concerning Plaintiff's efforts to obtain a bachelor's degree from another college or university.

**Response: Plaintiff will produce what responsive documents he has in his possession, custody or control.**

**Request No. 45:** All documents and communications concerning Plaintiff's efforts to gain admission to law school.

**Response: Plaintiff lacks a college degree required to gain admission to law school, but Plaintiff will produce what responsive documents he has in his possession, custody or control.**

**Request No. 46:** All documents and communications concerning Plaintiff's allegations in Paragraph 6 of the Complaint that he "was in the final rounds of interviews for two jobs" and "lost those opportunities" due to his disciplinary proceedings at Columbia.

**Response: Plaintiff will produce what responsive documents he has in his possession, custody or control.**

**Request No. 47:** All documents and communications concerning Plaintiff's efforts to obtain employment since his expulsion from Columbia.

**Response: Plaintiff will produce what responsive documents he has in his possession, custody or control.**

[12]

**Request No. 48:** Documents sufficient to show any and all jobs held by Plaintiff and any salary, income, and/or other benefits received in connection with those jobs.

**Response: Plaintiff will produce what responsive documents he has in his possession, custody or control subject to preserving pseudonymity.**

**Request No. 49:** Any personal log, diary, and/or similar document written by Plaintiff and reflecting his thoughts, whether maintained electronically or on paper.

**Response: There are no such responsive documents.**

**Request No. 50:** All documents received from any third-party in connection with this litigation, including in connection with any subpoena issued in this litigation.

**Response: There are no such responsive documents.**

**Request No. 51:** All documents not produced in response to any other Request(s) that Plaintiff intends to, or does, identify, use, reference, or rely upon in the Complaint, in answering any interrogatory, in any deposition, in preparing any motion or other filing, and at any Court conference, hearing, or trial in this case.

**Response: There are no such responsive documents.**

**Request No. 52:** All documents and communications not produced in response to any other Request(s) concerning any facts, circumstances, or allegations set forth in the Complaint that are relevant to Plaintiff's First Cause of Action ("Interim Suspension Erroneous Outcome").

**Response: There are no such responsive documents.**

**Request No. 53:** All documents and communications not produced in response to any other Request(s) concerning any facts, circumstances, or allegations set forth in the Complaint that are relevant to Plaintiff's Fifth Cause of Action ("Jane Doe One Selective Enforcement").

**Response: There are no such responsive documents.**

**Request No. 54:** All documents and communications not produced in response to any other Request(s) concerning any facts, circumstances, or allegations set forth in the Complaint that are relevant to Plaintiff's Sixth Cause of Action ("Jane Doe Four Erroneous Outcome").

**Response: There are no such responsive documents.**

**Request No. 55:** All documents and communications not produced in response to any other Request(s) concerning any facts, circumstances, or allegations set forth in the Complaint that are relevant to Plaintiff's Seventh Cause of Action ("Jane Doe Three Erroneous Outcome").

**Response: There are no such responsive documents.**

**Request No. 56:** Documents sufficient to show all names, nicknames, aliases, screennames, phone numbers, email addresses, and social media addresses, usernames, and handles used by Plaintiff.

**Response: Objection, irrelevant and unduly intrusive and burdensome given lack of relevance.**

THE INSTANT PRODUCTION IS WITHOUT PREJUDICE TO AND WITH A RESERVATION OF ALL RIGHTS TO SUPPLEMENT AND/OR AMEND PLAINTIFF'S PRODUCTION OF DOCUMENTS ACCOMPANYING THIS RESPONSE.

**Dated: January 11, 2023**              Respectfully submitted,

                                         By: __/s/_*Philip A. Byler*_____

[14]

        **Philip A. Byler, Esq.**
        **Andrew T. Miltenberg, Esq.**
        **NESENOFF & MILTENBERG LLP**
        **363 Seventh Avenue, Fifth Floor**
        **New York, New York 10001**
        **(212) 736-4500**
        **pbyler@nmllplaw.com**
        **amiltenberg@nmllplaw.com**
        **Attorneys for Plaintiff John Doe**