

ATTORNEYS AT LAW
**nmllplaw.com**

Ira S. Nesenoff
Andrew T. Miltenberg

Stuart Bernstein
Tara J. Davis

Barbara H. Trapasso
Gabrielle M. Vinci
Kara L. Gorycki
Nicholas E. Lewis
Adrienne D. Levy
Regina M. Federico
Suzanne Dooley
Amy Zamir

Philip A. Byler
Diana R. Warshow
Susan E. Stark
Janine L. Peress
*Senior Litigation Counsel*

Jeffrey S. Berkowitz
Rebecca C. Nunberg
*Counsel*

Marybeth Sydor
*Title IX Consultant*

**May 18, 2023**

**By ECF**

Hon. James L. Cott, United States Magistrate Judge
United States District Court - Southern District of New York
500 Pearl Street, Room 1360
United States Courthouse
New York, New York 10007

**Re: *John Doe v. Columbia*, No. 1:20-cv-06770-GHW-JLC**

Dear Judge Cott:

The undersigned represents Plaintiff John Doe ("Plaintiff") in this case. Columbia has sent you a letter dated May 17, 2023, concerning discovery matters that were fully addressed in my letter dated May 15, 2023 and by the supplemental document production that was planned for yesterday and made this morning. Columbia only brought up these issues last Friday, May 12, 2023, at 5:19 pm. Plaintiff has since then fairly expeditiously addressed the issues raised.

As a preliminary point, Columbia complains that not that many documents have been produced. When the specific requests are considered, however, it is apparent why the number of documents that have been produced have been produced.

## I. PURPORTED "FAILURES TO PRODUCE."

Columbia complains that Plaintiff has not produced documents that are responsive to Columbia's RFP Nos. 14, 15, 34, 37, 40, or 48.

**Request No. 14**: All documents and communications concerning Plaintiff's allegation in Paragraph 195 of the Complaint that Columbia engaged in a "pattern of gender-biased decision-making."

This is more properly a subject of Plaintiff's discovery of Columbia per Plaintiff's RFP Nos. 17-20, the documents in the disciplinary cases, including the complaint that Plaintiff attempted to bring but was ignored by Columbia.

**Request No. 15:** All documents and communications concerning Plaintiff's allegations in Paragraph 81 of the Complaint that "Columbia trains its Title IX personnel in accordance with the federally-funded 'Start by Believing' model," and that "Columbia has touted that it provides 'trauma-informed' training to its investigators and adjudicators."

This too is more properly a subject of Plaintiff's discovery of Columbia per Plaintiff's RFP Nos. 28-29.

**Request No. 34**: All documents and communications concerning Plaintiff's allegation in Paragraph 161 of the Complaint that Plaintiff "was severely depressed and entertained suicidal thoughts as a result of the four sexual misconduct disciplinary cases."

Dr. Smithton's note, attesting to acute depression and suicidal ideation, was produced to Columbia five years ago.

**Request No. 37**: All documents and communications concerning Plaintiff's purported damages, including reputational, economic, and any other category of damages.

Documents already produced in response to other Columbia RFPs attest to his medical harm which he overcame, loss of diploma, inability to transfer schools, inability to get job, and eviction from the national, networking professional group the Alexander Hamilton Society due to the *bwog* story that leaked his personal identifying information and case information, which signifies reputational, professional and economic harm.

**Request No. 40**: All documents and communications concerning Plaintiff's expenses related to the interim suspension, if any, the amounts of any such expenses, and who paid those amounts.

Plaintiff is producing documents for this request.



**Request No. 48:** Documents sufficient to show any and all jobs held by Plaintiff and any salary, income, and/or other benefits received in connection with those jobs.

Plaintiff is producing what documents he has and recognizes the obligation to supplement production.

## II.   DOCUMENTS WITH REDACTIONS.

Plaintiff is producing unredacted documents that had been produced with redactions. When we started to deal with document production earlier in the year, there was no Protective Order in place.

## III.   PURPORTED INCOMPLETENESS/IMPROPER REDACTIONS: DOCUMENTS.

Columbia's complaint is unfounded. Plaintiff has produced or will produce medical documents as agreed. Plaintiff's production includes a visit to Columbia health in 2015, so it is not correct to say his documents only concern February 2019. In response to the request in Columbia RFP 41 for medical records, Plaintiff produced what documents he had access to from Dr. Smithton and Dr. Carey. He has produced all medical records from Dr. Smithton, which his office confirmed.  The same is true of Dr. Carey. Plaintiff is also providing unredacted the documents we had provided redacted.  Plaintiff is also adding a provider to reflect his intake for Dr. Carey.

In response to RFP 42, for documents showing mitigation of damages, Plaintiff produced redacted documents, and Plaintiff is providing unredacted the documents we had provided redacted.  These documents reflect the timeline of his Title IX process ending in 2019, expulsion, dealing with depression, efforts to transfer schools, and efforts to obtain jobs.

In response to RFP 44, for documents showing Plaintiff's efforts to obtain a bachelor's degree from another college or university, Plaintiff did produce redacted documents and will produce them without redaction.  OSU's decision is thoroughly documented; the denial from Hillsdale College was conveyed via an online portal without a pdf or other document to download; and SLU effected a denial via ignoring his application.

In response to RFP 45, for documents showing Plaintiff's efforts to get into law school, Plaintiff will re-produce the document without redaction.  Let's keep in mind that you need a college degree to get into law school.

In response to the request in Columbia RFP 46 for documents showing Plaintiff's lost job opportunities, Columbia complained about redacted e-mail chains.  Plaintiff is producing those e-



NESENOFF &
MILTENBERG LLP
New York | Boston | Palo Alto

mail chains unredacted. Plaintiff can testify about the specifics as to why those job opportunities were lost and why those e-mail chains reflect the lost opportunities.

**IV. PURPORTED INCOMPLETENESS: INTERROGATORIES.**

Columbia asserts that Plaintiff's response to Columbia Interrogatory No. 1 is incomplete because Columbia's review of the documents caused them to think a "witness" (albeit not a percipient witness) in the Columbia disciplinary process and school officials at OSU and Hillsdale College processing Plaintiff's applications should also be listed. None of those individuals, however, have personal knowledge of the allegations of the Complaint concerning the subject of the interrogatory in the alleged but false accusations of sexual misconduct and the conversations Plaintiff had with family members and counsel. Given the restrictions on interrogatories in the Southern District of New York Local Rule 33.3, the answer is fine as is.

Columbia asserts that Plaintiff's response to Columbia Interrogatory No. 4 is incomplete because Plaintiff produced redacted e-mails in response. Plaintiff is producing those e-mails unredacted.

**Very truly yours,**
**NESENOFF & MILTENBERG LLP**
**By:** ____*Philip A Byler, Esq.*____
**Philip A. Byler, Esq.**

363 Seventh Avenue | 5th Floor | New York, NY | 10001 | T: 212.736.4500

101 Federal Street | 19th Floor | Boston, MA | 02110 | T: 617.209.2188

4 Palo Alto Square | 3000 El Camino Real | Suite 200 | Palo Alto, CA | 94306 | T: 650.209.7400